# EXHIBIT 1

**Employee Non-Solicitation, Confidentiality and Assignment Agreement**

In consideration and as a condition of my employment by Beam Therapeutics Inc. (the "Company"), I agree as follows:

1. **__Proprietary Information__.** I agree that all information, whether or not in writing, concerning the Company's or any of its affiliates' business, technology, business relationships or financial affairs which the Company has not released to the general public (collectively, "Proprietary Information") is and will be the exclusive property of the Company and its affiliates. By way of illustration, Proprietary Information may include information or material which has not been made generally available to the public, such as: (a) *corporate information*, including plans, strategies, methods, policies, resolutions, negotiations or litigation; (b) *marketing information*, including strategies, methods, customer identities or other information about customers, prospect identities or other information about prospects, or market analyses or projections; (c) *financial information*, including cost and performance data, debt arrangements, equity structure, investors and holdings, purchasing and sales data and price lists; (d) *operational and technological information*, including plans, specifications, manuals, forms, templates, pre-clinical and clinical data and strategies, designs, methods, procedures, formulas, discoveries, inventions, improvements, concepts and ideas; and (e) *personnel information*, including personnel lists, reporting or organizational structure, resumes, personnel data, compensation structure, performance evaluations and termination arrangements or documents. Proprietary Information also includes information received in confidence by the Company or any of its affiliates from its customers or suppliers or other third parties.

2. **__Recognition of Company's Rights__.** I will not, at any time, without the Company's prior written permission, either during or after my employment, disclose any Proprietary Information to anyone outside of the Company, or use or permit to be used any Proprietary Information for any purpose other than the performance of my duties as an employee of the Company. I will cooperate with the Company and its affiliates and use my best efforts to prevent the unauthorized disclosure of all Proprietary Information. I will deliver to the Company all copies of Proprietary Information in my possession or control upon the earlier of a request by the Company or termination of my employment. Notwithstanding the foregoing, nothing in this Agreement limits, restricts or in any other way affects my communicating with any governmental agency or entity, or communicating with any official or staff person of a governmental agency or entity, concerning matters relevant to the governmental agency or entity (without, in each case, prior notice to the Company).

3. **__Rights of Others__.** I understand that the Company and its affiliates are now and may hereafter be subject to non-disclosure or confidentiality agreements with third persons which require the Company or its affiliates to protect or refrain from use of proprietary information. I agree to be bound by the terms of such agreements in the event I have access to such proprietary information.

4. **__Commitment to Company; Avoidance of Conflict of Interest__.** While an employee of the Company, I will devote my full-time efforts to the Company's business and I will not engage in any other business activity that conflicts with my duties to the Company or any of its affiliates. I will advise the president of the Company or his or her nominee at such time as any activity of either the Company or any of its affiliates or another business presents me with a conflict of interest or the appearance of a conflict of interest as an employee of the Company. I will take whatever action is requested of me by the Company to resolve any conflict or appearance of conflict which it finds to exist.

5. **__Developments__.** I will make full and prompt disclosure to the Company of all inventions, discoveries, designs, developments, methods, modifications, improvements, processes, algorithms, databases, computer programs, formulae, techniques, trade secrets, graphics or images, and audio or visual works and other works of authorship (collectively "Developments"), whether or not patentable or copyrightable, that are created, made, conceived or reduced to practice by me (alone or jointly with others) or under my direction during the period of my employment. I acknowledge that all work performed by me is on a "work for hire" basis, and I hereby do assign and transfer and, to the extent any such assignment cannot be made at present, will assign and transfer, to the Company and its affiliates and its successors and assigns all my right, title and interest in all Developments that (a) relate to the business of the Company or any of its affiliates or any customer of or supplier to the Company or any of its affiliates or any of the products or services being researched, developed, manufactured or sold by the Company or any of its affiliates or which may be used with such products or services; or (b) result from tasks assigned to me by the Company or any of its affiliates; or (c) result from the use of premises or personal property (whether tangible or intangible) owned, leased or contracted for by the Company or any of its affiliates ("Company-Related Developments"), and all related patents, patent applications, trademarks and trademark applications, copyrights and copyright applications, and other intellectual property rights in all countries and territories worldwide and under any international conventions ("Intellectual Property Rights").

To preclude any possible uncertainty, I have set forth on __Exhibit A__ attached hereto a complete list of Developments that I have, alone or jointly with others, conceived, developed or reduced to practice prior to the commencement of my employment with the Company that I consider to be my property or the property of third parties and that I wish to have excluded from the scope of this Agreement ("Prior Inventions"). If disclosure of any such Prior Invention would cause me to violate any prior confidentiality agreement, I understand that I am not to list such Prior Inventions in

Exhibit A but am only to disclose a cursory name for each such invention, a listing of the party(ies) to whom it belongs and the fact that full disclosure as to such inventions has not been made for that reason. I have also listed on Exhibit A all patents and patent applications in which I am named as an inventor, other than those which have been assigned to the Company ("Other Patent Rights"). If no such disclosure is attached, I represent that there are no Prior Inventions or Other Patent Rights. If, in the course of my employment with the Company, I incorporate a Prior Invention into a product, process or machine of the Company or any of its affiliates or other work done for the Company or any of its affiliates, I hereby grant to the Company a nonexclusive, royalty-free, paid-up, irrevocable, worldwide license (with the full right to sublicense) to make, have made, modify, use, sell, offer for sale and import such Prior Invention. Notwithstanding the foregoing, I will not incorporate, or permit to be incorporated, Prior Inventions in any Company-Related Development without the Company's prior written consent.

This Agreement does not obligate me to assign to the Company any Development which, in the sole judgment of the Company, reasonably exercised, is developed entirely on my own time and does not relate to the business efforts or research and development efforts in which, during the period of my employment, the Company or any of its affiliates actually is engaged or reasonably would be engaged, and does not result from the use of Proprietary Information or premises or equipment owned or leased by the Company or any of its affiliates. However, I will also promptly disclose to the Company any such Developments for the purpose of determining whether they qualify for such exclusion. I understand that to the extent this Agreement is required to be construed in accordance with the laws of any state which precludes a requirement in an employee agreement to assign certain classes of inventions made by an employee, this Section 5 will be interpreted not to apply to any invention which a court rules and/or the Company agrees falls within such classes. I also hereby waive all claims to any moral rights or other special rights which I may have or accrue in any Company-Related Developments.

**6. Documents and Other Materials.** I will keep and maintain adequate and current records of all Proprietary Information and Company-Related Developments developed by me during my employment, which records will be available to and remain the sole property of the Company at all times.

All files, letters, notes, memoranda, reports, records, data, sketches, drawings, notebooks, layouts, charts, quotations and proposals, specification sheets, or other written, photographic or other tangible material containing Proprietary Information, whether created by me or others, which come into my custody or possession, are the exclusive property of the Company to be used by me only in the performance of my duties for the Company. Any property situated on the Company's or any of its affiliates' premises and owned by the Company or any of its affiliates, including without limitation computers, disks and other storage media, filing cabinets or other work areas, is subject to inspection by the Company or any of its affiliates at any time with or without notice. In the event of the termination of my employment for any reason, I will deliver to the Company all property and equipment of the Company or any of its affiliates in my possession, custody or control, including all files, letters, notes, memoranda, reports, records, data, sketches, drawings, notebooks, layouts, charts, quotations and proposals, specification sheets, program listings, blueprints, models, prototypes, or other written, photographic or other tangible material containing Proprietary Information, and other materials of any nature pertaining to the Proprietary Information of the Company or any of its affiliates and to my work, and will not take or keep in my possession any of the foregoing or any copies.

**7. Enforcement of Intellectual Property Rights.** I will cooperate fully with the Company and its affiliates, both during and after my employment with the Company, with respect to the procurement, maintenance and enforcement of Intellectual Property Rights in Company-Related Developments. I will sign, both during and after the term of this Agreement, all papers, including without limitation copyright applications, patent applications, declarations, oaths, assignments of priority rights, and powers of attorney, which the Company may deem necessary or desirable in order to protect its rights and interests in any Company-Related Development. If the Company is unable, after reasonable effort, to secure my signature on any such papers, I hereby irrevocably designate and appoint each officer of the Company as my agent and attorney-in-fact to execute any such papers on my behalf, and to take any and all actions as the Company may deem necessary or desirable in order to protect its rights and interests in any Company-Related Development.

**8. Non-Solicitation.**

In consideration and as a condition of my employment by the Company, and of the compensation to be paid to me, in recognition of the fact that, as an employee of the Company, I will have access to the Company's and its affiliates' Proprietary Information, including trade secrets, and in order to protect the Company's Proprietary Information and good will:

(a) During my employment with the Company and for a period of one (1) year following the termination of my employment for any reason (in the aggregate, the "Non-Solicitation Period"), I will not, directly or indirectly, in any manner, (i) solicit or encourage any customer, vendor, supplier or other business partner of the Company or any of its affiliates to terminate or diminish his, her, or its relationship with any of them, or (ii) seek to persuade any such customer, vendor, supplier or other business partner, or any prospective customer, vendor, supplier, or other business partner of the Company or any of its affiliates to conduct with anyone else any business or activity which such business partner or prospective business partner conducts or could conduct with the Company or any of its affiliates; provided, however, that these restrictions apply (y) only with respect to those persons who are or have been a business partner of the Company or any of its affiliates at any time within the two (2) year period immediately preceding the activity restricted by this Section 8(a) or whose business has been solicited on behalf of the

Company or any of its affiliates by any of their officers, employees or agents within such two (2)-year period, other than by form letter, blanket mailing or published advertisement, and (z) only if I have performed work for such person during my employment with the Company or been introduced to, or otherwise had contact with, such person as a result of my employment or other associations with the Company or any of its affiliates or have had access to Proprietary Information which would assist in my solicitation of such person.

(b) During the Non-Solicitation Period, I will not, directly or indirectly, in any manner, (i) hire or engage, or solicit for hiring or engagement, any employee of the Company or any of its affiliates or seek to persuade any such employee to discontinue employment or (ii) solicit or encourage any independent contractor providing services to the Company or any of its affiliates to terminate or diminish his, her or its relationship with any of them; provided that this restriction applies only to those persons who are employees or independent contractors of the Company or any of its affiliates in the six (6)-month period immediately preceding the activity restricted by this Section 8(b).

I acknowledge and agree that if I violate any of the provisions of this Section 8, the running of the Non-Solicitation Period will be extended by the time during which I engage in such violation(s).

**9. Government Contracts.** I acknowledge that the Company and its affiliates may have from time to time agreements with other persons or with the United States Government or its agencies which impose obligations or restrictions on the Company or its affiliates regarding inventions made during the course of work under such agreements or regarding the confidential nature of such work. I agree to comply with any such obligations or restrictions upon the direction of the Company. In addition to the rights assigned under Section 5, I also assign to the Company (or any of its nominees) all rights which I have or acquired in any Developments, full title to which is required to be in the United States under any contract between the Company or any of its affiliates and the United States or any of its agencies.

**10. Prior Agreements.** I hereby represent that, except as I have fully disclosed previously in writing to the Company, I am not bound by the terms of any agreement with any previous employer or other party to refrain from using or disclosing any trade secret or confidential or proprietary information in the course of my employment with the Company or to refrain from competing, directly or indirectly, with the business of such previous employer or any other party. I further represent that my performance of all the terms of this Agreement as an employee of the Company does not and will not breach any agreement to keep in confidence proprietary information, knowledge or data acquired by me in confidence or in trust prior to my employment with the Company. I will not disclose to the Company or any of its affiliates or induce the Company or any of its affiliates to use any confidential or proprietary information or material belonging to any previous employer or others.

**11. Remedies Upon Breach.** I understand that the restrictions contained in this Agreement are necessary for the protection of the business and goodwill of the Company and its affiliates and I consider them to be reasonable for such purpose. Any breach of this Agreement is likely to cause the Company and its affiliates substantial and irrevocable damage and therefore, in the event of such breach, the Company and its affiliates, in addition to such other remedies which may be available, will be entitled to specific performance and other injunctive relief, without the posting of a bond. If I violate this Agreement, in addition to all other remedies available to the Company and its affiliates at law, in equity, and under contract, I agree that I am obligated to pay all the Company's and its affiliates' costs of enforcement of this Agreement, including attorneys' fees and expenses.

**12. Use of Voice, Image and Likeness.** I give the Company and its affiliates permission to use any and all of my voice, image and likeness, with or without using my name, in connection with the products and/or services of the Company and/or any of its affiliates, for the purposes of advertising and promoting such products and/or services and/or the Company and/or any of its affiliates, and/or for other purposes deemed appropriate by the Company in its reasonable discretion, except to the extent expressly prohibited by law.

**13. Publications and Public Statements.** I will obtain the Company's written approval before publishing or submitting for publication any material that relates to my work at the Company and/or incorporates any Proprietary Information. To ensure that the Company delivers a consistent message about its products, services and operations to the public, and further in recognition that even positive statements may have a detrimental effect on the Company in certain securities transactions and other contexts, any statement about the Company or any of its affiliates which I create, publish or post during my period of employment and for six (6) months thereafter, on any media accessible by the public, including but not limited to social media and networking services and sites, electronic bulletin boards and Internet-based chat rooms, must first be reviewed and approved by an officer of the Company before it is released in the public domain.

**14. No Employment Obligation.** I understand that this Agreement does not create an obligation on the Company or any other person to continue my employment. I acknowledge that, unless otherwise agreed in a formal written employment agreement signed on behalf of the Company by an authorized officer, my employment with the Company is at will and therefore may be terminated by the Company or me at any time and for any reason, with or without cause.

**15. Survival and Assignment by the Company.** I understand that my obligations under this Agreement will continue in accordance with its express terms regardless of any changes in my title, position, duties, salary, compensation or benefits or other terms and conditions of employment. I further understand that my obligations under this Agreement will continue following the termination of my employment regardless of the manner of such termination and will be

binding upon my heirs, executors and administrators. The Company will have the right to assign this Agreement to its affiliates, successors and assigns. I expressly consent to be bound by the provisions of this Agreement for the benefit of the Company or any parent, subsidiary or affiliate to whose employ I may be transferred without the necessity that this Agreement be resigned at the time of such transfer.

**16. Post-Employment Notifications.** For twelve (12) months following termination of my employment, I will notify the Company of any change in my address and of each subsequent employment or business activity, including the name and address of my employer or other post-Company employment plans and the nature of my activities.

**17. Disclosure to Future Employers.** I will provide a copy of this Agreement to any prospective employer, partner or coventurer prior to entering into an employment, partnership or other business relationship with such person or entity.

**18. Severability.** In case any provisions (or portions thereof) contained in this Agreement shall, for any reason, be held invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect the other provisions of this Agreement, and this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein. If, moreover, any one or more of the provisions contained in this Agreement shall for any reason be held to be excessively broad as to duration, geographical scope, activity or subject, it shall be construed by limiting and reducing it, so as to be enforceable to the extent compatible with the applicable law as it shall then appear.

**19. Interpretation.** This Agreement will be deemed to be made and entered into in the Commonwealth of Massachusetts, and will in all respects be interpreted, enforced and governed under the laws of the Commonwealth of Massachusetts. I hereby agree to consent to personal jurisdiction of the state and federal courts situated within Suffolk County, Massachusetts for purposes of enforcing this Agreement, and waive any objection that I might have to personal jurisdiction or venue in those courts.

**20. Protected Disclosures.** I understand that nothing contained in this Agreement limits my ability to communicate with any federal, state or local governmental agency or commission, including to provide documents or other information, without notice to the Company. I also understand that nothing in this Agreement limits my ability to share compensation information concerning myself or others, except that this does not permit me to disclose compensation information concerning others that I obtain because my job responsibilities require or allow access to such information.

**21. Defend Trade Secrets Act of 2016**. I acknowledge receipt of the following notice under 18 U.S.C § 1833(b)(1): "An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that (A) is made (i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal." Notwithstanding this immunity from liability, I understand that I may be held liable if I unlawfully access trade secrets by unauthorized means.

**22. Other Agreements and Obligations**. This Agreement constitutes the entire agreement between me and the Company regarding the subject matter hereof, and supersedes any previous agreements or understandings that I had or may have had between me and the Company regarding the subject matter except any obligations specifically preserved in this Agreement.

**I UNDERSTAND THAT THIS AGREEMENT AFFECTS IMPORTANT RIGHTS. BY SIGNING BELOW, I CERTIFY THAT I HAVE READ IT CAREFULLY AND AM SATISFIED THAT I UNDERSTAND IT COMPLETELY.**

IN WITNESS WHEREOF, the undersigned has executed this agreement as a sealed instrument as of the date set forth below.

DocuSigned by:

Signed: Zi Jun Wang
F0493FD212764F4...
(Employee's full name)

Type or print name: Zi Jun Wang    Date: 3/25/2021

# EXHIBIT A

To: Beam Therapeutics Inc.

From: Zi Jun Wang

Date: 3/25/2021

SUBJECT: **Prior Inventions**

The following is a complete list of all inventions or improvements relevant to the subject matter of my employment by the Company that have been made or conceived or first reduced to practice by me alone or jointly with others prior to my engagement by the Company:

☒ No inventions or improvements

☐ See below:

______________________________

______________________________

______________________________

☐ Additional sheets attached

The following is a list of all patents and patent applications in which I have been named as an inventor:

☒ None

☐ See below:

______________________________

______________________________

______________________________